UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-80468-MIDDLEBROOKS/BRANNON

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

v.

JCS ENTERPRISES, INC. d/b/a JCS
ENTERPRISES SERVICES, INC., T.B.T.I., INC.,
JOSEPH SIGNORE, and PAUL L. SCHUMACK, II,

                    Defendants.
_____/

**RECEIVER'S AND CLAIMANT FIRST DATA MERCHANT
SERVICES, LLC'S JOINT MOTION TO APPROVE SETTLEMENT
AGREEMENT, WITH INCORPORATED MEMORANDUM OF LAW**

James D. Sallah, Esq., not individually, but solely in his capacity as the Court-appointed Receiver (the "Receiver") for JCS Enterprises Inc., d/b/a JCS Enterprises Services Inc., T.B.T.I. Inc., My Gee Bo, Inc., JOLA Enterprise Inc., and PSCS Holdings, LLC (collectively, the "Receivership Entities" or "Receivership Estate"), and Claimant First Data Merchant Services, LLC ("First Data"), through their respective undersigned counsel, respectfully and jointly move for an Order approving the executed Settlement Agreement between the Receiver and First Data, a copy of which is attached as Exhibit A, which fully resolves First Data's pending receivership claim of $7,190,693 (the largest claim amount in the receivership).[1]

Upon Court-approval of this Motion, and thus entry of the proposed Order attached hereto as Exhibit C, the proposed Settlement Agreement will allow the Receiver to finally move

---

[1] First Data originally submitted a claim for approximately $7.3 million, but then reduced it during the claim dispute.

1

<u>forward with filing a Motion for First Distribution for the benefit of the hundreds of defrauded investors who have submitted a claim form to which the Receiver has not objected</u>.  The Receiver anticipates filing the Motion for First Distribution within thirty (30) days of the Order granting this Motion (but after the Receiver has already made the settlement payment to First Data), but cannot do so unless the Court elects to grant the instant relief and approves the Settlement Agreement.

## **RELEVANT BACKGROUND REGARDING THE CLAIMS PROCEDURE**

On April 3, 2017, the Court issued an Order granting the Receiver's Motion to Approve Claim Form, Manner and Notice of Claim Form, and Claims Bar Date filed on March 31, 2017 (DE 377).  Subsequently on July 20, 2017, the Court issued an Order permitting the Receiver to make a minor amendment to the claim form (DE 386).  In accordance with these Orders, the Receiver did the following: (1) published the proof of claim form in *The Palm Beach Post* once a week for four (4) consecutive weeks; (2) provided the claim form along with an explanatory cover letter to all known or potential claimants via U.S. Mail and email, if known; (3) provided notice of the claim form on the receivership website; and (4) requested that notice of the claim form be posted on the investors' page on Facebook.  Specifically, the Receiver mailed the cover letter and claim form to at least 1,030 potential claimants and/or creditors for whom the Receiver had gathered contact information.

The Receiver's notice made clear that the Claims Bar date was November 27, 2017.  In response, the Receiver received approximately 700 claim forms (most of which contained supporting documentation) either prior to or after the Claims Bar date.  The submitted claims seek a total of more than $35 million.

2

Beginning in December 2017, the Receiver's professionals and staff began reviewing the submitted claim forms and supporting documents. That was a time-consuming, tedious process that involved, among other things, the Receiver and his forensic accountants comparing documents submitted with the proof of claim forms to the financial reconstruction of the Receivership Entities' bank and financial accounts and other records under his control.

On November 30, 2018, the Receiver filed his Motion to (1) Approve Determination and Priority of Claims, (2) Approve Plan of Distribution, and (3) Establish Objection Procedure (the "Claims Motion") (DE 413). The Claims Motion listed, among other things, the claims that the Receiver recommended that the Court accept (and approve payment) and the claims that he recommended that the Court deny (and reject payment, whether in whole or in part, and whether permanently or temporarily). The Receiver's recommended disposition of each claim was listed by claim number on either Exhibit A, B, C, or D to the Claims Motion. The Claims Motion also addressed the Receiver's recommended procedure for resolving and/or litigating the claims to which he objected and recommended that the Court deny.

On December 14, 2018, the Court granted the Claims Motion in the Order Granting Receiver's Motion to (1) Approve Determination and Priority of Claims, (2) Approve Plan of Distribution, and (3) Establish Objection Procedure (the "Claims Order") (DE 416). The Claims Order granted the Claims Motion, meaning the Court approved the Receiver's various recommendations in the Claims Motion, including the procedure if a claimant has an objection to the Receiver's recommendations in the Claims Motion, whether as to the claim amount, the priority of the claim or otherwise. The approved Objection Procedure included the following:

    a)     Any claimant that is dissatisfied with the Receiver's determination of a claim, claim priority, or plan of distribution (collectively, the

3

       "Receiver's Determination") must serve the Receiver (c/o Jeffrey L. Cox, Esq., Sallah Astarita & Cox, LLC, 3010 N. Military Trail, Suite 210, Boca Raton, FL 33431), in accordance with the service requirements of Rule 5 of the Federal Rules of Civil Procedure with a written response within forty-five (45) calendar days from the date of this notice letter. During this 45-day period, each claimant shall have the opportunity to cure the claim deficiency and/or to respond and contest in writing the Receiver's Determination. Forty-five (45) calendar days from the date of this letter was February 21, 2019, and therefore February 21, 2019 was the deadline for each claimant's response to the Receiver.

b)   Claimant objections should not be filed with the Court. Claimant objections shall clearly state the nature and basis of the objection, and provide all supporting statements and documents the claimant wishes the Receiver and the Court to consider.

c)   If any claimant wishes to contest the Receiver's Determination, that claimant's identity shall then be subject to disclosure in the Court's record in this case.

d)   If a claimant adequately and timely cures the claim deficiency, or otherwise settles with the Receiver, the Receiver shall deem the claimant a holder of an allowed claim without further Order from the Court.

e)   If a claimant responds and does not adequately cure the claim deficiency, the claimant's claim shall be subject to the objection procedure discussed herein.

f)   Failure to properly and timely serve an objection to the Receiver's Determination shall permanently waive the claimant's right to object to or contest the Receiver's Determination, and the final claim amount shall be set as the Recommended Amount of Allowed Claim as set forth in the Exhibits attached to the Claims Motion as approved by the Court. In other words, if a claimant does not respond within the time provided, the Receiver's Determination as to that claimant shall be deemed sustained and adjudicated with prejudice.

g)   The Receiver shall file periodic status reports with the Court as to claimants who have cured, claimants who have responded but have not adequately cured, and claimants who have not responded in any manner (and whose claim shall be treated in accordance with the Receiver's Determination).

h) After a claimant's response/objection is served in writing on the Receiver, the claimant and the Receiver shall have one hundred and twenty (120) calendar days from the date of this notice letter to conduct any discovery permitted under the Federal Rules of Civil Procedure and Local Rules of the Southern District of Florida, including producing documents and taking depositions, file discovery motions (such as motions to compel) and file any dispositive motions (such as motions for summary adjudication of the claim).[2]

i) Pursuant to the executed proof of claim forms, claimants have already submitted to the exclusive jurisdiction of the Court and also have waived the right to a jury trial, and therefore any discovery and/or dispositive motions in regards to objections shall be conducted and resolved by the Court in a summary proceeding. All depositions shall be conducted at the Receiver's counsel's office: Sallah Astarita & Cox, LLC, 3010 N. Military Trail, Suite 210, Boca Raton, FL 33431.

j) The Court may make a final claim determination based on the submissions identified above or may set the matter for hearing and, following the hearing, make a final determination on the specific claim. The claimant shall have the burden of proof. The Receiver shall provide notice of any hearing to the specific claimant.

k) A person serving a response/objection to the Receiver's Determination shall be entitled to notice, but only as it relates to adjudication of the particular objection and the claim to which the objection is directed.

l) The Receiver may attempt to settle any claim or objection without further Order from the Court.

Some claim forms had a deficiency that the claimant has since cured pursuant to the above Objection Procedure, such as providing proof of identity. In addition, many claimants had an incorrect claim amount that has likewise since been cured by the claimant by simply accepting the Receiver's Recommended Amount of Allowed Claim.

---

[2] Initially, one hundred and twenty (120) calendar days from the date of the notice letter was May 7, 2019. However, as discussed below, that deadline was extended through and including October 7, 2019 (DE 425).

Pursuant to the Objection Procedure, First Data and the Receiver engaged in discovery beginning in February 2019. First Data and the Receiver both served on the other a first request for production and a subpoena on the other's forensic accountant. The Receiver's and First Data's respective discovery requests were significant and resulted in voluminous waves of productions of documents and electronically stored information for several months.

Pursuant to the Objection Procedure, May 7, 2019 was the initial deadline for First Data (as well as other disputed claimants) and the Receiver to conclude discovery and file any dispositive motions on their claims (such as motions for summary adjudication of the claim). The Receiver previously moved for, and the Court promptly granted, a three-month extension of the initial May 7th deadline – *i.e.*, through August 7, 2019 – given that the Receiver and First Data would need additional time to complete discovery (DE 420, 421).

When the Receiver filed the prior extension motion (for the August 7, 2019 deadline), the Receiver and First Data had discussed and anticipated completing all relevant depositions by mid-July 2019, which would have ensured sufficient time to draft and file a dispositive motion on First Data's claim by the prior deadline of August 7, 2019. However, the productions of documents by both the Receiver and First Data, including electronically stored information, were more voluminous and time-consuming than the parties anticipated and resulted in several productions that continued through mid-July. In addition, one of the material witnesses that the Receiver requested to depose ultimately became unavailable during July and was only available for deposition in late August. That specific deposition was scheduled for, and occurred on, August 30, 2019.

First Data took the Receiver's deposition on September 17, 2019, and the Receiver's forensic accountant (Melissa Davis, CPA, CIRA, CFE) on September 18, 2019. The Receiver took First Data's first corporate representative's (Michael Aufiero) deposition on August 22, 2019, First Data's former head of the Special Accounts Department (Robert Tenenbaum) on August 30, 2019, First Data's second corporate representative's (Suzanne DeAngelis) deposition on September 19, 2019, and First Data's forensic accountant/designated expert (Patrick Gannon, CPA, CFF, CVA, ABV) on September 23, 2019.

Based on the above deposition schedules, the Receiver requested and obtained an extension regarding the Objection Procedure deadline of August 7, 2019, for an additional two (2) months through and including October 7, 2019 (DE 425).

As stated above, the Claims Motion listed, among other things, the claims that the Receiver recommended that the Court accept (and approve payment) and the claims that he recommended that the Court subordinate or deny (and reject payment, whether in whole or in part, and whether permanently or temporarily). The Receiver's recommended disposition of each claim was listed by claim number on either Exhibit A, B, C, or D to the Claims Motion. First Data's claim was listed on Exhibit D and the Receiver recommended to fully subordinate or deny First Data's claim.

In October 2019, the Receiver filed his Motion for Summary Adjudication regarding First Data's claim (DE 435). The Receiver's Motion was a dispositive summary proceeding brief on First Data's claim. In November 2019, First Data filed its Response and Cross-Motion for Summary Adjudication (DE 436). Also, in November 2019, the parties ultimately filed their respective Reply briefs (DE 437, 440), and the SEC filed its Response (DE 439).

The parties' respective briefs totaled more than 100 pages and attached numerous exhibits that consisted of the supporting evidence. First Data was seeking a priority distribution of approximately $7.2 million (*i.e.*, 100% of its claim amount) out of the approximate $10 million in the Receivership Estate, meaning payment of every penny of the requested $7,190,693 before one penny goes to any approved victimized investor of the JCS Ponzi scheme. The Receiver identified more than a dozen legal and equitable reasons that he believed supported fully subordinating or reducing First Data's claim amount, the effect of which would have left First Data with no repayment. First Data contested the Receiver's various arguments and identified many legal and equitable reasons that it believed supported the Court accepting its claim in a priority amount of approximately $7.2 million. Much was at stake for the hundreds of investor claimants regarding First Data's requested priority claim, and on the other hand, for First Data given its large claim amount.

## MEDIATION AND THE PROPOSED SETTLEMENT

In December 2019, the Receiver and First Data agreed to mediate their dispute and a Joint Notice was filed to apprise the Court (DE 441). The parties ultimately selected mediator Harry R. Schafer, Esq. However, various proposed mediation dates between January and March 2020 did not work for the various lawyers, clients and mediator, so Sunday March 8, 2020 was ultimately selected as the earliest available date.

On March 8, 2020, the Receiver and First Data, along with the SEC, engaged in good faith settlement discussions at mediation and successfully reached mutually agreeable settlement terms, which are set forth in the attached Settlement Agreement. The Settlement Agreement is subject to and conditioned upon approval by the Court – hence the filing of this Motion.

The attached Settlement Agreement and proposed attached Order (Exhibit C) memorialize the relevant settlement terms between the Receiver and First Data. The relevant terms include, among other things, the following:

a) Within ten (10) business days of the Order granting this Motion, the Receiver shall pay First Data $2,750,000.00 in full satisfaction of its $7.2 million claim amount;

b) The Receiver shall provide notice to claimants of the proposed settlement on the Receiver's website and also in a letter to the claimants[3];

c) The Receiver shall file a notice of filing of any responses to the proposed settlement by claimants, but the Receiver shall re-affirm in the notice of filing his full support for the proposed settlement;

d) The Receiver and First Data shall release each other in standard mutual releases;

e) First Data's forensic expert Patrick Gannon shall cooperate with the Receiver and his professionals, and First Data shall compensate Mr. Gannon for such cooperation, regarding additional potential receivership recoveries as described in the Settlement Agreement; and

f) The Settlement Agreement is subject to Court-approval.

The foregoing provisions of the Settlement Agreement are included here for summary purposes only and are not intended to constitute a full recitation of all of the terms.

The Receiver believes that the Settlement Agreement provides a practical solution and sound business judgment that will result in substantial benefit to the Receivership Estate. Further, the Receiver believes that the proposed settlement, as reflected by the Settlement Agreement, is in the best interests of the Receivership Estate and aggrieved investors because the proposed resolutions avoid the protracted time involved in litigation with First Data, avoid

---

[3] The proposed claimant letter is attached as Exhibit B.

further receivership fees and costs incurred with continued litigation, eliminate First Data's priority claim of $7.2 million (approximately 70% of the funds in the Receivership Estate), pay First Data a reduced claim with a settlement payment of $2,750,000,[4] eliminate a potential lengthy appeal of a potential adverse ruling against First Data, and upon Court-approval of the settlement, will allow the Receiver to finally file a Motion for First Distribution for the benefit of the hundreds of defrauded investors who submitted approved claims and who have been waiting patiently for several years for a first distribution.

## MEMORANDUM OF LAW

The Court's power to supervise an equity receivership and determine the appropriate action to be taken in the administration of the receivership is extremely broad. *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992); *SEC v. First City Fin. Corp.,* 890 F.2d 1215, 1230 (D.C. Cir. 1989). The Court's wide discretion derives from the inherent powers of an equity court to fashion relief. *Id.* at 1566 (citing *SEC v. Safety Fin. Serv., Inc.,* 674 F.2d 368, 372 (5th Cir. 1982)). Without question, the Court is empowered to grant the requested relief.

As stated above, considering the significant litigation expenses involved in this matter, the inherent risks of litigating this matter, the guaranteed reduction of First Data's claim by virtue of the settlement payment for $2,750,000, and the need for finality on First Data's claim for the Receiver to finally make a first distribution to the investors, the Receiver believes that the

---

[4] For example, if First Data did not have a priority claim but simply an approved claim of $7.2 million on par with the investors under the previously-approved rising tide distribution plan with $10 million in the Receivership Estate, First Data would receive from the Receiver a distribution check in the amount of approximately $3.9 million. The proposed settlement payment of $2,750,000 is approximately $1,150,000 less, meaning this additional approximate $1,150,000 will be going to the defrauded investors as part of the upcoming first distribution.

10

Settlement Agreement is fair, reasonable, equitable, and in the best interests of the Receivership Estate. As a result, the Court should employ its equitable powers to grant the instant relief. The Receiver has included a proposed Order for the Court's review as Exhibit C.

WHEREFORE, the Receiver and First Data respectfully and jointly request that this Court grant this Motion and enter the proposed Order attached as Exhibit C.

## LOCAL RULE 7.1(a)(3) CERTIFICATE

The undersigned for the Receiver has conferred with:

1) Anthony Natale, Esq., counsel for Paul L. Schumack, II, who without admitting or denying any of the allegations in this Motion or any findings in the proposed Order, has not provided his position as of this filing;

2) Alise Johnson, Esq., counsel for the U.S. Securities and Exchange Commission, which does not oppose this Motion;

3) Assistant United States Attorney Ellen Cohen, counsel for the United States of America, which does not oppose this Motion; and

4) James N. Robinson, Esq., counsel for First Data, which agrees with and jointly files this Motion.

The undersigned counsel for the Receiver has been unable to confer with Non-Party Christine Schumack. In addition, the undersigned has been unable to confer with Defendant Joseph Signore and Non-Party Laura Grande, who are both incarcerated.

Dated: March 13, 2020                           Respectfully Submitted,

**SALLAH ASTARITA & COX, LLC**
*Counsel for the Receiver*
3010 N. Military Trail, Suite 210
Boca Raton, FL 33431
Tel.: (561) 989-9080

/s/Patrick J. Rengstl
**Jeffrey L. Cox, Esq.**
Fla. Bar No. 173479
jlc@sallahlaw.com
**Patrick J. Rengstl, P.A.**
Fla. Bar No. 0581631
pjr@sallahlaw.com
**Joshua A. Katz, Esq.**
Fla. Bar No. 0848301
jak@sallahlaw.com

AND

**WHITE & CASE LLP**
*Counsel for First Data*
200 South Biscayne Boulevard, #4900
Miami, FL 33131
Tel.: (305) 371-2700

/s/James N. Robinson
James N. Robinson, Esq.
Fla. Bar No. 608858
jrobinson@whitecase.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro s*e parties and non-parties who may have an interest in the Motion identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties or non-parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Patrick J. Rengstl

<u>**SERVICE LIST**</u><br>
*Securities and Exchange Commission v. JCS Enterprises, Inc. et al.*<br>
**Case No. 14-80468-CIV-MIDDLEBROOKS**

Harry R. Schafer, Esq.
2775 NW 49th Ave.
Unit 205 # 413
Ocala, FL 34482
Direct dial: (305) 439-4285
Email: harryrschafer@gmail.com
*Mediator*

<u>Via CM-ECF</u>
James N. Robinson, Esq.
White & Case LLP
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131-2352
Email:  jrobinson@whitecase.com
***Counsel for First Data Merchant Services, LLC***

<u>Via U.S. Mail</u>
Joseph Signore
Register Number 05081-104
FCI Coleman Low
Federal Correctional Institution
P.O. Box 1031
Coleman, FL  33521
***Pro Se Defendant***

<u>Via U.S. Mail</u>
Laura Grande-Signore
Register Number 05259-104
FCI Coleman Medium
Federal Correctional Center
P.O. Box 1032
Coleman, FL 33521
***Non-Party***

<u>Via U.S. Mail and Email</u>
Christine Schumack
23268 Largo Mar Circle,
Boca Raton, Florida 33433

Email: accounting@globalnetworkatm.com
*Non-Party*

Via CM-ECF
Andrew Schiff, Esq.
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131
305-982-6385
Fax: 305-536-4154
Email: schiffa@sec.gov
*Counsel for the Plaintiff*

Via CM-ECF
Anthony Natale, Esq.
Federal Public Defender
150 W. Flagler St., Ste. 1700
Miami, FL 33130
Telephone: (305) 530-7000 ext. 101
Email: anthony_natale@fd.org
*Counsel for Defendant Paul L. Schumack, II*

Via CM/ECF
Albert L. Frevola, Jr.
Conrad & Scherer, LLP
633 South Federal Highway
Fort Lauderdale, FL 33301
Telephone: (954) 847-3324
Email: afrevola@conradscherer.com
*Counsel for Individual Investors Michelle Robinson,*
*Robert Rosa, Raymond R. Burkemper, Phillipe Garnier,*
*Hilary Horn, and Todd Russo*

Via CM/ECF
Matthew Sarelson, Esq.
Matthew Seth Sarelson, P.A.
1000 Brickell Ave., Ste. 920
Miami, FL 33131
Telephone: (305) 773-1952
Email: msarelson@sarelson.com
*Counsel for Individual Investors Michelle Robinson,*
*Robert Rosa, Raymond R. Burkemper, Phillipe Garnier,*
*Hilary Horn, and Todd Russo*

<u>Via CM/ECF</u>
Stephen Carlton, Esq.
Ellen Cohen, Esq.
Assistant U.S. Attorneys
500 S. Australian Ave., Ste. 400
West Palm Beach, FL 33401
Tel.: (561) 820-8711 Ext. 3053
Fax: (561) 659-4526
Email: stephen.carlton@usdoj.gov; ellen.cohen@usdoj.gov
***Counsel for Intervenor United States Attorney Ariana Fajardo Orshan***

<u>Via CM/ECF</u>
Scott Hawkins, Esq.
Jones Foster Johnston & Stubbs
505 S Flagler Drive
Suite 1100 PO Box 3475
West Palm Beach, FL 33402-3475
Tel.: (561) 650-0460
Fax: (561) 650-0436
Email: shawkins@jones-foster.com
***Counsel for Non-Party Chad Matsen***